UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
THOMAS MURPHY,

        Plaintiff,      **MEMORANDUM AND ORDER**

  - against -          08-CV-3603 (DRH) (WDW)

FIRST RELIANCE STANDARD LIFE
INSURANCE COMPANY,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**A P P E A R A N C E S :**

**For the Plaintiff:**
**Jaspan, Schlesinger Hoffman LLP**
300 Garden City Plaza
Garden City, New York 11530
By: Scott Fisher, Esq.

**For the Defendant:**
**Wilson, Elser, Moskowitz, Edelman & Dicker LLP**
The Curtis Center, Suite 1130 East
Independence Square West
Philadelphia, PA 19106
By: Joshua Bachrach, Esq.

**HURLEY, Senior District Judge:**

  Plaintiff Thomas Murphy ("Plaintiff") filed this action pursuant to the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1132(a)(1)(B), 1132(g)(1), and 1140 seeking enforcement of cost of living adjustment ("COLA") benefits allegedly owed by Defendant First Reliance Standard Life Insurance Company ("Defendant" or "First Reliance") pursuant to a long-term disability insurance policy. Plaintiff also sought to enforce a settlement agreement with Defendant and to recover damages for Defendant's alleged interference with the exercise of Plaintiff's rights under ERISA. By Memorandum and Order

1

dated December 15, 2009, the Court granted Defendant's motion to dismiss Plaintiff's (1) claims for the recovery of cost of living benefits due and owing from December 1, 2004 through December 31, 2006; and (2) claim for retaliatory interference with statutory rights in violation of 29 U.S.C. § 1140, and the Court denied Defendant's motion to dismiss Plaintiff's claim for the continuation of the cost of living benefits after January 2007. Plaintiff now moves for reconsideration of the December 15, 2009 Memorandum and Order. For the reasons that follow, Plaintiff's motion is denied.

## *BACKGROUND*

The background of this case is set forth in the December 15, 2009 Memorandum and Order, familiarity with which is assumed. Thus, the Court will only state the facts necessary for the disposition of the instant motion.

In July 1994, Plaintiff's employer Tullet & Tokyo entered into a Group Long-Term Disability Insurance Program with First Reliance to provide disability insurance benefits for its employees, including Plaintiff, which was funded by an insurance policy issued by First Reliance (the "Policy"). On October 15,1996, Plaintiff applied for long-term disability insurance benefits under the Policy. First Reliance approved Plaintiff's application for long-term disability benefits from October 1996 through December 31, 1996 in the gross monthly benefit amount of $6,884.93, and later notified Plaintiff that it had approved the continuation of his monthly disability benefits beyond December 31, 1996. For each month from January 31, 1997 through and including September 30, 2000, Defendant paid monthly disability income benefits to Plaintiff.

Under the terms of the Policy, Plaintiff became eligible to receive an additional

cost of living benefit as of January 1997. First Reliance paid cost of living benefits to Plaintiff under the Policy for the calendar years 1997, 1998, 1999, and through September 30, 2000. On March 30, 2000, First Reliance notified Plaintiff that his long-term disability benefits would be terminated effective September 30, 2000. At the time Defendant terminated Plaintiff's disability benefits, Plaintiff was receiving a monthly benefit amount of $7,518.32, which included an additional cost of living benefit as provided by the Policy.

On November 7, 2000, Plaintiff commenced an action in this Court against First Reliance, captioned as *Murphy v. First Reliance Standard Life Ins. Co.*, Civil Action No. 00-CV-6647 (DRH) (WDW) ("*Murphy I*"), challenging Defendant's decision to terminate his long-term disability insurance benefits and seeking a declaratory judgment that he was entitled to the continued payment of monthly disability insurance benefits by First Reliance under the terms of the Policy. Following a bench trial, this Court issued a Memorandum & Order, dated May 20, 2004, finding that Plaintiff was totally disabled during the relevant period and holding that First Reliance had erred by ceasing payment of long-term disability benefits under the Policy.

Thereafter, in November 2004, the parties entered into a Settlement Agreement and Release (the "Settlement Agreement") wherein First Reliance would pay Plaintiff the accumulated unpaid past benefits from October 1, 2000 through November 30, 2004, including a cost of living benefit for that same time period, and would reinstate Plaintiff's long-term disability benefits, effective December 1, 2004, to be calculated in accordance with the terms of the Policy. Upon reinstatement, First Reliance issued a monthly disability benefit payment to Plaintiff in December 2004 and in January 2005 in the amount of $7,518.32. According to

3

Plaintiff, these amounts did not include the proper cost of living benefit owed to him.[1]

In February 2005, First Reliance notified Plaintiff that the prior years' cost of living benefits had been erroneously calculated in that it had computed the prior years' cost of living benefits using a compound cost of living adjustment rather than using a simple cost of living adjustment. First Reliance did not seek recovery of the monies it had overpaid; rather as of February 2005, and continuing through December 2006, Defendant adjusted the monthly disability benefit payments paid to Plaintiff to reflect a simple cost of living adjustment. From February 2005 through December 2005, Defendant made payments in the amount of $7,105.24 per month which Plaintiff maintains was improper and in breach of the Settlement Agreement.[2] For the calendar year 2006, First Reliance made monthly payments in the amount of $7,160.33, which Plaintiff again asserts was improper and in breach of the Settlement Agreement.[3] In January 2007, First Reliance terminated the payment of cost of living benefit adjustments, and since January 2007 and continuing to date, has made monthly disability benefit payments in the amount of $6,884.92 per month, which Plaintiff maintains is contrary to the terms of the Policy.[4]

On May 21, 2007, Plaintiff requested a conference before the Court to discuss the

---

[1] Plaintiff asserts that for December 2004, the monthly disability benefit amount owed to Plaintiff with the COLA should have been at least $8,144.16, and for January 2005, the monthly disability benefit amount owed to with the COLA should have been at least $8,1364.48.

[2] Plaintiff asserts that the monthly disability benefit amount owed to Plaintiff during this period with the COLA should have been at least $8,364.48.

[3] Plaintiff asserts that the monthly disability benefit amount owed to Plaintiff during this time period with the COLA should have been at least $8,639.88.

[4] Plaintiff asserts that the monthly disability benefit amount owed to Plaintiff during this time period with the COLA should have been at least $8,639.88.

4

post-settlement issue regarding the calculation of the COLA benefit owed to Plaintiff under the Policy. By Memorandum and Order, dated April 17, 2008, this Court held that it lacked jurisdiction over the dispute.

On September 4, 2008, Plaintiff commenced the instant action under ERISA against First Reliance (i) challenging the methodology Defendant used to calculate COLA benefits owed to Plaintiff under the Policy from December 1, 2004 through December 31, 2006 which had resulted in a reduction of benefits, and seeking recovery of the COLA benefits due and owing to him for that time period, (ii) seeking the continuation of COLA benefits after January 1, 2007 and for as long as he remains eligible to receive monthly disability benefits under the Policy, (iii) seeking a declaratory judgment as to (i) and (ii), and (iv) seeking compensatory and consequential damages for Defendant's alleged interference with his statutory ERISA rights. Defendant moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

By Memorandum and Order dated December 15, 2009, Defendant's motion to dismiss was granted in part and denied in part. Specifically, this Court (i) declined to convert Defendant's Rule 12(b)(6) motion into a motion for summary judgment pursuant to Rule 56 and/or consider Plaintiff's opposition papers as a cross-motion for summary judgment; (ii) granted Defendant's motion with respect to Plaintiff's claims for the recovery of cost of living benefits due and owing to him from December 1, 2004 through December 31, 2006 and claim for retaliatory interference with his statutory rights in violation of 29 U.S.C. § 1140; and (iii) denied Defendant's motion as to Plaintiff's claim for the continuation of the cost of living benefits after January 2007. In the Decision, with respect to the insurance Policy at issue, the Court found that "the language in the Policy is unambiguous as it relates to calculating the cost of living benefits,"

but found that "the language in the Policy is ambiguous as it relates to the continuation of the COLA benefits" after January 2007. (Memorandum and Order, dated December 15, 2009, at 16, 18.)

Plaintiff now moves for reconsideration requesting that the Court (i) reconsider the additional materials proffered with his opposition papers to the motion to dismiss, and (ii) convert the underlying motion to dismiss to a motion for summary judgment and consider Plaintiff's additional evidence and opposition submissions to the original motion as a cross-motion for summary judgment pursuant to Fed. R. Civ. P. 56, or in the alternative (iii) consider the additional evidence in the context of a dismissal motion. Plaintiff maintains that by failing to consider the additional evidence, the Court (i) erroneously found that the language in the Policy as it relates to calculating the cost of living benefits was unambiguous; (ii) improperly granted Defendant's motion with respect to Plaintiff's claims for the recovery of cost of living benefits due and owing to him from December 1, 2004 through December 31, 2006; and (iii) improperly granted Defendant's motion with respect to Plaintiff's claim for retaliatory interference with his statutory rights in violation of 29 U.S.C. § 1140. In addition, Plaintiff requests that the ambiguity in the language of the Policy that the Court found relating to the continuation of cost of living benefits to Plaintiff after January 2007 be construed against First Reliance and that judgment be entered in Plaintiff's favor. For the reasons stated below, Plaintiff's motion is denied in its entirety.

## *DISCUSSION*

**I.** *Applicable Legal Standard*

The decision to grant or deny a motion for reconsideration lies squarely within the

discretion of the district court. *See Devlin v. Transp. Comm'ns Union,* 175 F.3d 121, 132 (2d Cir. 1999). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (finding district court properly exercised its discretion to reconsider earlier ruling in light of the introduction of additional relevant case law and substantial legislative history); *see Medoy v. Warnaco Employees Long Term Disability Ins. Plan,* No. 97 Civ. 6612 (SJ), 2006 WL 355137 (E.D.N.Y. Feb. 14, 2006) ( "The standard for reconsideration is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court"); *see also Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find that it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result.") (citation and internal quotation marks omitted). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). Thus, a "'party may not advance new facts, issues, or arguments not previously presented to the Court.'" *National Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)).

**II.** *Plaintiff's Motion for Reconsideration is Denied*

In support of his motion for reconsideration, Plaintiff does not cite to any

7

intervening change in controlling law or part of the record that the Court overlooked which might reasonably be expected to alter the outcome nor does he show that the Court made a clear error or committed a manifest injustice.  Rather, Plaintiff's motion largely restates the arguments set forth in the underlying motion papers that were fully considered and addressed in the December 15, 2009 Memorandum and Order.  It is well-established that a motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Schrader*, 70 F.3d at 257; *see Joseph v. Manhattan & Bronx Surface Transit Operating Auth.*, 96 Civ. 9015 (DAB), 2006 WL 721862 (S.D.N.Y. Mar. 21, 2006) (holding a motion for reconsideration "is not one in which a party may reargue those issues already considered when a party does not like the way the original motion was resolved") (internal quotation marks and citation omitted); *Pannonia Farms, Inc. v. USA Cable,* No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004) (noting that reconsideration is not an opportunity to take a 'second bit at the apple' for a party dissatisfied with a court's ruling") (internal citation omitted).  As discussed below, Plaintiff fails to demonstrate that reconsideration is warranted and, therefore, the motion is denied.

> *(A)     Plaintiff Does Not Meet the Standard for Reconsideration with Respect to the Consideration of Additional Materials*

Plaintiff argues that the Court overlooked matters that might have materially influenced the Court's decision when it excluded from consideration (1) an Affidavit of Leonard R. Freifelder, Ph.D ("Freifelder Affidavit") and (2) a copy of a letter, dated March 28, 2005 from defense counsel to Plaintiff's counsel explaining the change in the calculation of cost of living benefits (the "March 28, 2005 letter").  (Fisher, Decl., dated February 27, 2009, Ex. A; Freifelder Aff.)  Plaintiff concedes that the March 28, 2005 letter is not specifically cited in the Complaint.

Nevertheless, he submits that the Court overlooked several allegations in the Complaint addressing the substance of the letter, to wit, the following paragraphs:

> 92. In or about February 2005, First Reliance notified Plaintiff for the first time that the prior years' cost of living benefit calculations were made in error.
>
> 93. According to First Reliance, it claims to have made the prior years' cost of living calculations using a compound cost of living adjustment rather than using a simple cost of living adjustment.
>
> 94. According to First Reliance, the computation error began with the 1998 cost of living benefit payable to Plaintiff.
>
> 95. According to First Reliance, beginning in 1998, it erroneously added all prior cost of living benefit adjustments when computing Plaintiff's cost of living benefit adjustment amount for the given year.

(Compl. ¶¶ 92-95.) As evidenced by these paragraphs, Plaintiff argues that because he solely relied on the March 28, 2005 letter in bringing this action and the substance of the letter was integral to the formulation of the Complaint, the letter should have been considered by the Court. According to Plaintiff, consideration of the March 28, 2005 letter would have further resulted in the allowance of other additional material submitted by Plaintiff, including the Freifelder Affidavit. Plaintiff's arguments are unpersuasive.

Contrary to Plaintiff's position, the Court did not overlook the above referenced paragraphs, but rather set forth a recitation of the substance of these paragraphs including a citation to each paragraph listed in the background section of the December 15, 2009 Memorandum and Order. A review of the March 28, 2005 document indicates that it is a letter written by defense counsel in response to correspondence from Plaintiff's counsel regarding a previous notification by First Reliance concerning benefit calculations under the Policy. Given

that the above referenced paragraphs also refer to a notification by First Reliance concerning benefit calculations under the Policy that occurred prior to the March 28, 2005 letter, viz. in or about February 2005, it cannot be said that the March 28, 2005 letter was a document "upon which [the complaint] *solely* relies and . . . is *integral* to the complaint." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (emphasis in the original). Moreover, a review of the Freifelder Affidavit reveals that the document is an affidavit of an expert in the area of economics, statistics and actuarial science, clearly an impermissible document for the Court to consider in ruling on a motion under Rule 12(b)(6). *See Cyril v. Neighborhood P'ship II Hous. Dev. Fund*, 124 Fed. Appx. 26, 27 (2d Cir. 2005) (noting that the consideration of an affidavit in ruling on a motion to dismiss would have been improper).

Further, in its decision the Court examined the additional materials the parties had submitted in connection with Defendant's motion to dismiss, and having considered the various documents, the Court declined to convert Defendant's Rule 12(b)(6) motion into one for summary judgment given the procedural posture of this action and limited its consideration of the motion to only those documents that were attached to the Complaint or were incorporated by reference in the Complaint or were documents upon which Plaintiff solely relied in bringing this action and were integral to the Complaint or were matters of public record. Having found that the March 28, 2005 letter and Freifelder Affidavit did not fall within the categories of permissible documents to be considered in a Rule 12(b)(6) motion, the Court excluded them from consideration of the motion, and concomitantly declined to treat the underlying motion as one for summary judgment pursuant to Fed. R. Civ. P. 56 and/or consider Plaintiff's oppositions papers as a cross-motion for summary judgment pursuant to Fed. R. Civ. P. 56, as Plaintiff had

requested in a footnote in his Memorandum in Opposition. *See Giant Group, Ltd. v. Sands*, 142 F. Supp. 2d 503, 506 (S.D.N.Y. 2001) (holding that a district court should not transform a Rule 12(b)(6) motion into a summary judgment motion where, as here, the motion has been filed in lieu of an answer and the parties have not completed discovery).

In short, because Plaintiff's challenge to the determination to exclude the extraneous materials and to decline to convert the motion to dismiss into a motion for summary judgment was fully argued in connection with the underlying motion and addressed in the December 15, 2009 Order, Plaintiff's motion for reconsideration is denied.

### *(B) Plaintiff Does Not Meet the Standard for Reconsideration with Respect to the Calculation of the Cost of Living Benefits*

In moving for reconsideration, Plaintiff contends that the Court erred in granting the motion to dismiss the claim related to the calculation of the cost of living benefits because the Court failed to consider additional evidence, including the March 28, 2005 letter and Freifelder Affidavit, when it interpreted the Policy at issue. By finding the language in the Policy "is unambiguous as it relates to calculating the cost of living benefits," (Memorandum and Order, dated December 15, 2009, at 16), Plaintiff avers that the Court overlooked (i) the fact that the Policy neither refers to nor defines the term "simple cost of living adjustment" as relied on by First Reliance in its interpretation of the COLA benefit in its March 28, 2005 letter; (ii) that Defendant itself created an ambiguity in the language of the Policy regarding the proper calculation of the COLA benefit for the period December 2004 through December 2006 by improperly changing its interpretation of the Cost of Living Benefit provision;[5] and (iii) the fact

---

[5]In its underlying motion papers, Defendant stated that commencing in the calendar year 1998, First Reliance had inadvertently miscalculated the cost of living benefits owed to Plaintiff

11

that the COLA benefit provision in the Policy that states, "This benefit will be payable while the Insured continues to be entitled to Monthly Benefits" creates an ambiguity in the Policy as it relates to the calculation of COLA benefits for the period December 1, 2004 through December 31, 2006. (Pl.'s Mem. of Law in Supp. of Pl.'s Motion for Reconsideration, at 9-10; Pl.'s Reply Mem. of Law in Further Supp. Of Pl.'s Motion for Reconsideration, at 4-5.) Plaintiff's position is untenable.

The contours of the Court's previous December 15, 2009 Order with respect to the calculation of the cost of living benefits bear repeating. As explained in the Order:

> Federal courts construe ERISA plans "according to federal common law." *Fay*, 287 F.3d at 104. In so doing, the court reviews "the Plan as a whole, giving terms their plain meanings." *Id.*; *see Critchlow v. First Unum Life Ins. Co.,* 378 F.3d 246, 256 (2d Cir. 2004) ("We interpret ERISA plans in an ordinary and popular sense as would a person of average intelligence and experience.") (internal quotation marks and citation omitted). "If there are ambiguities in the language of an insurance policy that is part of an ERISA plan, they are to be construed against the insurer." *Critchlow,* 378 F.3d at 256; *see Fay*, 287 F.3d at 104 (same). "Language is ambiguous when it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire . . . agreement." *O'Neil v. Ret. Plan for Salaried Employees of RKO Gen. Inc.,* 37 F.3d 55, 59 (2d Cir. 1994) (internal quotation marks and citations omitted). "Whether contract language is ambiguous is a question of law that is resolved by reference to the contract alone." *Id.* at 58-59 (internal quotation marks and citations omitted).

---

by including, rather than excluding, prior cost of living adjustments in the computation of benefits. Defendant maintained that this resulted in an overpayment of monthly disability benefits to Plaintiff for each calendar year during this time period. Although Defendant did not seek recovery of the monies it overpaid, it had argued that pursuant to the terms of the Policy, First Reliance properly adjusted the monthly disability benefit payments paid to Plaintiff as of February 2005 and continuing through December 2006 by excluding prior cost of living adjustments.

12

(Memorandum and Order, dated December 15, 2009, at 13-14.)

As to Plaintiff's first assertion, to wit, that the Court erred in finding the language in the Policy is unambiguous as it relates to calculating the cost of living benefits because the Policy neither refers to nor defines the term "simple cost of living adjustment," it lacks merit. Consistent with legal principles, the Court in fashioning its Order had reviewed the language of the Policy as a whole, giving the terms their plain meaning, and had concluded that the language of the Policy was unambiguous as it related to calculating the cost of living benefits. Having found the language of the Policy unambiguous, there was no basis for the Court to consider additional materials in an attempt to create an ambiguity. *See Brass v. American Film Techs., Inc.*, 987 F.2d 142, 149 (2d Cir. 1993) ("Straining a contract's language beyond its reasonable and ordinary meaning does not create an ambiguity. Nor may an ambiguity be found where the contract has a definite meaning, and where no reasonable basis exists for a difference of opinion about that meaning.") (internal citations omitted).

Moreover, Plaintiff's argument that Defendant itself created an ambiguity in the language of the Policy when it adjusted the monthly disability payments to Plaintiff to correct an error it had made in calculating the cost of living benefits owed to Plaintiff is equally unavailing. As noted in the Order, Plaintiff became eligible to receive a cost of living benefit[6] effective

---

[6] With respect to the payment of a cost of living benefit, the Policy provides:

> If the Consumer Price Index (CPI-W) published by the United States Department of Labor increases while an Insured is receiving Monthly Benefits from us, an additional benefit will be payable. *The Cost of Living Benefit will be payable during any of the first ten (10) years, following satisfaction of the Elimination Period, in which the Consumer Price Index increases.*

13

January 1997. The Policy explicitly directed Defendant to calculate the cost of living benefits by multiplying the monthly benefit[7] by the lessor of 4% or the most recently determined annual

---

> Percentage increases in the Consumer Price index will be calculated by us each year. The increase will be based on a comparison of published annual Consumer Price Index statistics in October of each year. If the Consumer Price Index is changed or no longer published, the most comparable index (in our opinion) then published will be used for these purposes.
>
> This amount payable will be the lesser of the following, multiplied by the Monthly benefit, after any applicable reduction according to the section entitled Benefit Amount:
>
> (1) 4%; or
> (2) the most recently determined annual percentage increase in the Consumer Price Index ["CPI"];
>
> *excluding any prior Cost of Living Benefit payments. This benefit will be payable while the Insured continues to be entitled to Monthly Benefits.*

(Bachrach Decl., dated March 11, 2009, Ex. B at 13.0) (emphasis supplied.)

[7]Under the Policy, the monthly benefit amount must be assessed as follows:

> BENEFIT AMOUNT: To figure the benefit amount payable:
>
> (1) multiply an Insured's Covered Monthly Earnings by the benefit percentage(s), as shown on the Schedule of Benefits page;
> (2) take the lesser of the amount:
> (a) of step (1) above; or
> (b) the Maximum Monthly Benefit, as shown on the Schedule of Benefits page; and
> (3) subtract Other Income Benefits, as shown below, from step (2) above.
>
> We will pay at least the Minimum Monthly Benefit, if any, as shown on the Schedule of Benefits page.

14

percentage increase in the CPI, and excluding any prior cost of living benefit payments. The covered monthly earnings at the time Plaintiff's disability began was $11,474.87, and 60% of that covered amount is $6,884.93. Pursuant to the terms of the Policy, that amount ($6,884.93) was then multiplied by either 4% or the most current CPI with any prior cost of living benefits excluded.[8] As this Court found:

> Except for the calendar year 1997, the amounts First Reliance paid to Plaintiff prior to December 2004 and calculated in the Settlement Agreement incorrectly included the prior cost of benefits in the calculation. Plaintiff's position that (i) these prior cost of benefits should have been included when calculating the applicable benefit amount and (ii) Defendant's modification for computing the cost of living benefits owed Plaintiff after December 2004, which resulted in a reduction of benefits payable to Plaintiff was improper, is contrary to the plain meaning of the benefit provisions of the Policy.

(Memorandum and Order, dated December 15, 2009, at 17-18.) Hence, based on the unambiguous language of the Policy and the plain meaning of its provisions, the Court's

---

(*Id*. at 7.0.) Under the Schedule of Benefits, the Monthly Benefit "is an amount equal to 60% of Covered Monthly Earnings, payable in accordance with the section entitled Benefit Amount." (*Id.* at 1.0.)

[8]As noted in the Court's Order, for the calendar year 1997, First Reliance determined the increase in CPI was 3% and multiplied that percentage increase by the monthly benefit amount of $6,884.93 to arrive at a cost of living benefit of $206.55. Defendant then calculated the monthly disability amount payable to Plaintiff by adding $206.55 and $6,884.93 together and arriving at a monthly disability amount of $7,091.48 for the calendar year 1997. For the calendar year 1998, First Reliance assessed the increase in the CPI to be 2.1% and multiplied that percentage increase by the monthly benefit amount of $6,884.93 and arrived at a cost of living benefit of $144.58. However, Defendant then computed the monthly disability amount payable to Plaintiff by adding $144.58 and $6,884.93 *and* the prior cost of living benefit $206.55 together and arriving at a monthly disability amount of $7,236.06 per month for the calendar year 1998.

15

dismissal of Plaintiff's claims for recovery of cost of living benefits due and owing to him from December 1, 2004 through December 31, 2006 was proper.

Finally, Plaintiff submits that the COLA benefit provision in the Policy that states, "This benefit will be payable while the Insured continues to be entitled to Monthly Benefits" creates an ambiguity in the Policy as it relates to the calculation of COLA benefits for the period December 1, 2004 through December 31, 2006. This argument was not raised by Plaintiff in its opposition papers in connection with Defendant's motion to dismiss. As noted above, on reconsideration a party may not raise "arguments not previously presented to the Court." *National Union Fire Ins. Co. v. Stroh Cos.,* 265 F.3d 97, 115 (2d Cir. 2001). Nevertheless, having examined the language of the Policy and its provisions in the context of the entire insurance agreement, as set forth above, the Court finds no ambiguity created by this provision of the Policy as it relates to the calculation of the COLA benefits for the period December 1, 2004 through December 31, 2006, and therefore rejects Defendant's argument on this basis as well.

Accordingly, having failed to show that the Court overlooked something, made a clear error or committed a manifest injustice, Plaintiff's motion for reconsideration with respect to the calculation of the cost of living benefits is denied.

### *(C) Plaintiff Does Not Meet the Standard for Reconsideration with Respect to the Claim of Retaliatory Interference With Statutory Rights Under 29 U.S.C. § 1140*

In moving for reconsideration of the Court's decision to dismiss the claim for retaliatory interference with his statutory rights under 29 U.S.C. § 1140, Plaintiff fails to produce any new evidence or point to any factual matters or legal decisions overlooked by the Court.

Rather, Plaintiff's sole basis for reconsideration is his argument that "if the Court reconsiders the dismissal of the claim involving COLA benefits for the period prior to January 2007, then for the same reasons the Court should reconsider the dismissal of the Third Cause of Action,[9] and upon reconsideration deny Defendant's motion to dismiss the Third Cause of action with prejudice." (Pl.'s Mem. of Law in Supp. of Pl.'s Motion for Reconsideration, at 12.)

As explained in this Court's December 15, 2009 Order,

Section 510, as codified at 29 U.S.C. § 1140, provides in relevant part:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provision of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may be entitled under the plan . . . [or] because he has given information or has testified or is about to testify

ERISA § 510; 29 U.S.C. § 1140. "The provision protects against (1) adverse action to punish the prior exercise of benefit rights; (2) adverse action to prevent the future vesting or enjoyment of benefit rights; and (3) adverse action to prevent or punish the giving of testimony in any proceeding relating to ERISA or a sister act." *Infantolino v. Joint Indus. Bd. of the Elect. Indus.*, No. 06-CV-0520 (JG), 2007 WL 879415, at * 7 (E.D.N.Y. Mar. 15, 2007) (quoting *Sandberg v. KPMG Peat Marwick, L.L.P.,* 111 F.3d 331, 334 (2d Cir. 1997)). It is the first of the above clauses that is relevant to this case.

In order for Plaintiff to prevail on a claim under Section 510, he

---

[9]In the Third Cause of Action, Plaintiff asserts that the decision by First Reliance to modify and change the methodology for computing his cost of living benefits, resulting in a reduction of benefits payable to Plaintiff, was directed specifically at Plaintiff in retaliation for having successfully exercised his rights under ERISA in *Murphy I* and for the purpose of intentionally interfering with and discriminating against Plaintiff's protected right to cost of living benefits under the Policy in violation of 29 U.S.C. § 1140. (Compl., ¶¶ 114-22.)

17

must establish that First Reliance interfered with a right "to which he is entitled under the provisions of the employee benefit plan." 29 U.S.C. § 1140. In the instant case, the Court has concluded that Plaintiff had no right under the Policy (i) to the inclusion of prior cost of living benefits amounts in calculating the applicable monthly disability benefit amount or (ii) to the methodology First Reliance had previously used to compute his cost of living benefits from 1998 through November 2004. *See supra*. As such, there is no "protected right" with which Defendant could have interfered, and Plaintiff's Third Cause of Action fails. Accordingly, Defendant's motion to dismiss this claim is granted.

Given that the dismissal of the claim for the recovery of cost of living benefits for the period of December 1, 2004 through December 31, 2006 served as the basis for the dismissal of Plaintiff's claim for retaliatory interference with his statutory rights under 29 U.S.C. § 1140, this Court's denial of Plaintiff's motion for reconsideration regarding the dismissal of Plaintiff's claims for recovery of cost of living benefits due and owing to him from December 1, 2004 through December 31, 2006 renders Plaintiff's request moot. Accordingly, the Court denies Plaintiff's motion for reconsideration of this claim.

### (D) *Plaintiff's Request for Reconsideration and an Award of Judgment with Respect to the Continuation of COLA Benefits Under the Policy After January 2007 is Improper*

In moving for reconsideration with regard to the continuation of COLA benefits under the Policy after January 2007, Plaintiff submits the Court properly concluded that "the language in the Policy is ambiguous as it relates to the continuation of COLA benefits" after January 2007, but requests that upon reconsideration that the Court construe the ambiguity in the Policy against First Reliance and enter judgment in Plaintiff's favor. A motion for reconsideration is not the proper vehicle for Plaintiff's request.

"A party seeking reconsideration is not supposed to treat the court's initial

decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *Davidson*, 172 F. Supp. 2d at 461 (internal quotation marks and citation omitted). The motion is neither an invitation to propose an entirely new matter for the court to consider or an opportunity for a party to "advance new facts, issues or arguments not previously presented to the Court." *Sahu v. Union Carbide Corp.*, No. 04 Civ. 8825 (JFK), 2010 WL 909074, at *2 (S.D.N.Y. Mar. 15, 2010). "Reconsideration is appropriate only if the court overlooked controlling decisions or facts presented in the underlying motion which, had they been considered, might reasonably have altered the result of the initial decision." *Id.* (citing *Shrader*, 70 F.3d at 257).

Plaintiff does not claim that the Court overlooked any controlling precedent or relevant facts that had been put before it. Indeed, Plaintiff agrees with the Court's conclusion that the language of the Policy as it relates to the continuation of COLA benefits after January 2007 is ambiguous. In response to the Court's decision, however, Plaintiff now advances the position that the Court should construe the ambiguity against Defendant and enter judgment in his favor. Plaintiff's position overlooks the fact that the Court based its finding of an ambiguity in the language of the Policy in the procedural context of Defendant's motion to dismiss the Complaint pursuant to Rule 12(b)(6).

In pertinent part, the December 15, 2009 Order held:

> [a]lthough extrinsic evidence may later shed light on the meaning of the language of the Policy as it relates to the continuation of COLA benefits, this ambiguity is sufficient for the Court to conclude that Plaintiff has stated a cause of action for the denial of cost of living benefits continuing after January 2007 under ERISA. Accordingly, Defendant's motion to dismiss that claim is denied.

(Memorandum and Order, dated December 15, 2009, at 19.) Significantly, the ultimate decision

19

on a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 511 (2002); *see also Ofori-Tenkorang v. American Int'l Group, Inc.,* 460 F.3d 296, 307 (2d Cir. 2006) (same). Although the Court found that Plaintiff had stated a cause of action for the denial of the continuation of COLA benefits after January 2007, Plaintiff nonetheless seeks upon reconsideration a decision wherein he would "ultimately prevail" on this claim. Inasmuch as Plaintiff's request on reconsideration for entry of judgment ignores the purpose of a motion for reconsideration and presents an improper request for relief, Plaintiff's motion for reconsideration on this basis is denied.

## *CONCLUSION*

Having considered all of Plaintiff's arguments, the motion for reconsideration is denied.

**SO ORDERED.**

Dated: June 1, 2010
      Central Islip, New York

/s_____
Denis R. Hurley,
United States District Judge